**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ABDULKADIR NUR, | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) |
|    *v.* | ) Civil Action No. 1:22-cv-169 (AJT/JFA) |
| | ) |
| UNKNOWN CBP OFFICERS, *et al.*, | ) |
| | ) |
|    *Defendants*. | ) |
| | ) |

**OFFICIAL CAPACITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF JURISDCTION**

## INTRODUCTION

In this case, Plaintiff Abdulkadir Nur brings constitutional challenges to U.S. Customs and Border Protection ("CBP") Officers' alleged forensic searches of his electronic devices when he enters the United States from abroad. Plaintiff alleges that when presenting himself at ports of entry to the United States since 2018, he consistently has been referred to secondary screening and that his electronic devices have been subjected to "forensic searches." Compl. ¶¶ 83-84.

Defendant has moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted. *See* Defs.' Mot. to Dismiss, ECF No. 22. Defendants now challenge Plaintiff's standing as a factual matter and move to dismiss his claims under Federal Rule of Civil Procedure 12(b)(1). In support, Defendants are lodging for the Court's *ex parte* and *in camera* review two law enforcement sensitive declarations from, respectively, the Terrorist Screening Center ("TSC") and CBP, that provide further information addressing whether, as a factual matter, Plaintiff has standing to bring his claims. Redacted copies of the declarations are provided as Exhibits 1 and 2 to this memorandum. *See* Exhibit 1; Exhibit 2.

## ARGUMENT

Rule 12(b)(1) requires dismissal of a complaint where the court lacks the "statutory or constitutional power to adjudicate the case," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998), including for lack of standing. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp*, 546 U.S. 500, 506 (2006). Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter

1

jurisdiction." Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). In determining whether jurisdiction exists, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

Motions to dismiss brought pursuant to Rule 12(b)(1) may proceed either on a facial basis, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or on a factual basis, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). Here, Defendants bring a factual motion, which allows the Court to "go beyond the allegations of the complaint" to "determine if there are facts to support the jurisdictional allegations." *Adams,* 697 F.2d at 1219. In a factual challenge, as in a facial challenge, "the burden of proving subject matter jurisdiction falls on the plaintiff." *Zargarpur v. Townsend*, 18 F. Supp. 3d 734, 736 (E.D. Va. 2013).

Here, declarations from TSC and CBP explain the jurisdictional facts concerning whether Plaintiff has standing to bring his claims. *See* Exhibit 1; Exhibit 2. Plaintiff's claims center on allegations that Plaintiff is in the Terrorist Screening Dataset (TSDS) and, as a result, CBP Officers have consistently performed forensic searches on his electronic devices when he has entered the United States. *See* Compl. ¶ 84 ("Officers . . . took the devices out of the room, and on multiple occasions, seized them completely, refusing to return them until an extended, forensic search could be conducted"); *id*. ¶ 112 ("Defendants'[] forensic searches of Plaintiff's electronic devices" violated the Fourth Amendment); *id*. ¶ 113 ("Defendants' forensic searches of Plaintiff's electronic

devices" violated Plaintiff's Fourth Amendment rights); *see also* Pl.'s Opp.'n to the Government's Mot. to Dismiss ("Pl.'s Opp."), at 9 ("The obvious implication of the allegations [in the Complaint] is that CBP agents" conduct forensic searches), ECF No. 26; *id.* at 10 ("Nur is challenging the effective policy, which is that Nur's watchlist status alone constitutes reasonable suspicion for purposes of performing forensic searches of Nur's devices.").

The declarations filed herewith contain *ex parte*, *in camera* material marked as Law Enforcement Sensitive that provides factual evidence showing that Plaintiff lacks standing to bring his claims for prospective relief, as the claims are premised on the theory that his devices will be forensically searched at future border inspections.

Because some of the jurisdictional facts before the Court are submitted *ex parte* and solely for the Court's *in camera* review, a fulsome explanation as to why Plaintiff fails as a factual matter to establish standing is not possible on the public docket without significant harm to law enforcement interests. Nonetheless, the declarations show that insofar as Plaintiff alleges that when he arrives in the United States from abroad he experiences consistent forensic searches of his electronic devices based on alleged TSDS status, he cannot establish standing for this claim.[1] *See* Exhibit 2.

---

[1] The Complaint utilizes the terms "advanced forensic search" (¶ 70), "nonroutine forensic search" (¶¶ 72, 115), "forensic search" (*e.g.*, ¶¶ 73, 84, 100, 112) when describing the alleged CBP policies and inspection activities on which Plaintiff bases his claims. However, the Complaint does not describe what these terms mean or what these alleged searches specifically entailed. The relevant policy, CBP Directive No. 3340-049A, *Border Search of Electronic Devices* (Jan. 4, 2018), does not use the term "forensic search." Rather, it uses the term "advanced search, which it defines as "any search in which an Officer connects external equipment, through a wired or wireless connection, to an electronic device not merely to gain access to the device, but to review, copy, and/or analyze its contents." *See* CBP Directive No. 3340-049A, "Border Searches of Electronic Devices," § 5.1.4 ("Electronic Device Policy"), ECF No. 22-2. As noted by the First Circuit in *Alasaad*, "'[a]dvanced' searches are sometimes referred to as 'forensic' searches," and "[t]hough the terms are not precisely co-extensive, any difference is immaterial here." *Alasaad v. Mayorkas*, 988 F.3d 8, 13 n.3 (1st Cir. 2021).

Plaintiff requests prospective injunctive relief "[p]rohibit[ing] Defendants from applying CBP Policy that permits a forensic search of the electronic devices of US citizens or permanent residents solely because of watchlist status." Compl. ¶ 141.a. But the evidence demonstrates that Plaintiff has not established a sufficient likelihood that his devices will be forensically searched in the future to establish standing. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983); *see also Rizzo v. Goode*, 423 U.S. 362, 372 (1976) (rejecting standing claim predicated on "attenuated" hypothesis of future injury); *Harrison v. Spencer*, 449 F. Supp. 3d 594, 600 (E.D. Va. 2020) (no standing where "the jurisdictional facts propounded by [Plaintiff] are untrue"). The Court therefore should dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

Moreover, the Court has the authority to consider these *ex parte* materials to decide a factual challenge to the sufficiency of a complaint under Rule 12(b)(1). This Court recently concluded as much in a case raising similar legal issues. *See, e.g.*, *Elhady v. Piehota*, No. 16-cv-00375-AJT-JFA, Tr. May 31, 2022, 25:13-17 (*See* Defs.' Mot. Ex. 3) ("And the Court has reviewed the information that the Government has provided *ex parte*, which the Court believes it is entitled to do—it does so in a number of cases involving these kinds of national security issues, including state secrets cases—and will only say that the information provided is consistent with the Court's view that these plaintiffs, based on the information that is public, do presently not have standing"). Likewise, in *Scherfen v. U.S. Dep't of Homeland Sec.*, No. 3:08-cv-1554, 2010 WL 456784, at *4, 7-8 (M.D. Pa. Feb. 2, 2010), the court relied on information submitted to it *ex parte* and *in camera* to dismiss similar claims to those presented here, without revealing sensitive law enforcement information. Defendants respectfully request that the Court adopt a similar approach

4

here and dismiss for lack of standing without disclosing the particular law enforcement sensitive information at issue.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1).

Dated: August 15, 2022                    Respectfully submitted,

JESSICA D. ABER
United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

MADELINE MCMAHON
ALEXANDER N. ELY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St NW
Washington, DC 20530
Tel: (202) 514-2395

/s/ *Lauren A. Wetzler*
LAUREN A. WETZLER
Chief, Civil Division
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Ave.
Alexandria, VA. 22314
Tel: (703) 299-3752
Fax: (703) 299-3983

5

Lauren.Wetzler@usdoj.gov

*Counsel for Official Capacity Defendants*

6