UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ABDULKARDIR NUR,<br><br>    Plaintiff,<br><br>v.<br><br>UNKNOWN CBP OFFICERS, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00035-LO-IDD<br><br>District Judge Liam O'Grady Magistrate Judge Ivan Davis |

**PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S
SECOND MOTION TO DISMISS**

Apparently, the Government has taken Nur off the watchlist. The timing (and the Government's second bite at the apple) suggests this was done in response to Nur's Opposition to the Motion to Dismiss, in order to moot the case.

While it is good that the Government will no longer (at least for now) be turning Nur's life upside down for no good reason, the Government's mootness strategy is concerning, and it should fail as a matter of law. The Public—and the Courts—hope that, in response to a persuasive argument that the Government is violating the law, the Government would stop violating the law. But the Government has in this case declined to do so; instead, it merely has stopped violating the law against Nur, and only to wrangle out of a lawsuit it cannot win. This is hallmark voluntary cessation, and there is accordingly no mootness.

1

I. **The question raised by the Government's Motion is one of mootness.**

In order to preserve the fiction that the Government's actions have not at this point fully disclosed that Nur was at one point on the watchlist and now is not, the Government casts its arguments in terms of standing and not mootness. But this case is about mootness. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000). The burden between standing and mootness is quite different, as (1) the burden of proving mootness is on the Government, *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 221-22 (2000). and (2) the test for mootness is quite different, and includes an exception where, as here, the Government voluntary ceases the challenged activity. *Friends of the Earth*, 528 U.S. at 189-194.

II. **There is no competent evidence of mootness.**

The burden of proving mootness lies with the Government. *Adarand Constructors,* 528 U.S. at 221-22. But—although it is easy to surmise what information was provided ex parte to the Court—the Government has provided no evidence reviewable by either Nur or his counsel as to why this case might be moot. the Government cannot use secret evidence to dismiss this case. Nur has a right to know why his claim is not being heard by this Court. "[O]nly in the rarest of circumstances should a district judge, in his or her discretion, receive ex parte argument and evidence in secret from only one side aimed at winning or ending a case over the objection of the other side." *Ibrahim v. DHS*, 2012 WL 6652362, at \*6 (N.D. Cal. Dec. 20, 2012) at \*6 (refusing Government's at-tempt to rely on ex parte watchlist information to defeat watchlist claim); *see also Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996) (explaining how ex parte submissions violate the right to due process inherent in the adversarial system).

The Government relies (at 4) on *Elhady v. Piethota*, No. 16-cv00375-AJT-JFA, Tr. May 31, 2022, 25:13-17 (Dkt. 29-3), and *Scherfan v. DHS*, 2010 WL 456784 (M.D. Pa. Feb. 2, 2010), for the proposition that it can use secret evidence to dismiss this case. But, as explained in more detail in Section III, below, the Court in *Elhady* did not rely on that evidence for dismissal, and the Court in *Scherfan* disclosed the substance of the evidence it relied on in its dismissal.

### III. Even if the case was otherwise moot, the voluntary cessation to mootness applies.

Even if the Government could rely on competent evidence, this case would still not be moot. A voluntary change in behavior does not moot a case unless "it can be said with assurance that there is no reasonable expectation that the alleged violation will occur" and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v Davis*, 440 U.S. 625, 631 (1979) (quotation marks and alterations omitted). The defendant bears a "heavy" burden to "make it absolutely clear" that the defendant is not "free to return to its old ways." *Friends of Earth*, 528 U.S. at 170. The Government has not done so here.

In *Fikre v. FBI* ("*Fikre I*"), 904 F.3d 1033 (9th Cir. 2018), under circumstances strikingly similar to this case, the Ninth Circuit held that the Government failed to carry its "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again" where it removed a plaintiff from the No Fly List and "filed a notice in district court" (publicly, in that case) announcing that removal. *Id.* at 1037, 1039. *Fikre* explained that "a voluntary change in official stance or behavior" is enough to moot an action only when it is "absolutely clear" in light of the "procedural safeguards insulating the new state of affairs from arbitrary reversal," that the challenged behavior will not reoccur. *Id.* at 1039 (quotation

3

marks removed). An "individualized determination untethered to any explanation or change in policy" will simply not suffice. *Id.* at 1040.

In *Fikre v. FBI* ("*Fikre II*"), 35 F.4th 762 (9th Cir. 2022), *petition for rehearing en banc pending, no call for response pending*, the Government tried again. There, the Government tried to add a statement that Fikre "no longer" satisfied the conditions for placement and would not be placed back on the No Fly List absent new information. *Id.* at 772. But this was not enough, because it provided no procedural safeguards for arbitrary reversal, and indeed "does not ensure that Fikre 'will not be banned from flying for the same reasons that prompted the government to add him to the list in the first place.'" *Id.* (quoting *Fikre I*, 904 F.3d at 1040).

Meanwhile, in the Fourth Circuit, *Fikre*'s exact factual pattern played out with another individual, Saadiq Long, and the Fourth Circuit came to the opposite conclusion. *Long v. Pekoske*, 38 F.4th 417 (4th Cir. 2022), *petition for rehearing en banc pending, no call for response pending*. The *Long* Court "agree[d] with the general framework" of the *Fikre* cases. *Id.* at 424. It parted ways in only one key aspect: It found that the Government's public statement that Long no longer belonged on the watchlist "acquiesced to the righteousness of Long's contentions, at least to some degree." *Id.* at 425 (quoting *Fikre I*, 904 F.3d at 1040).

Important to this case, *Long* "agree[d] that merely removing someone from the No Fly List—with no explanation or assurances—isn't enough to moot a claim." *Id.* at 424. So too here.

And even under *Long*, the Fourth Circuit only found Long's **as applied** challenges moot. *Id.* at 425 n.4. That is important because the gravamen of Long's as applied challenges is just whether he belonged on the No Fly List. *Id.* at 419 ("his inclusion in the Terrorism Screening Database and its subclassification, the No Fly List."). But here, as noted in Nur's

4

Opposition to the Motion to Dismiss, Nur is not challenging the particulars of his placement or any particular search. Rather, Nur is challenging whether the Government can justify searches and seizures of his devices, forcing him to provide passwords and biometric access to those devices, based on his watchlist status alone. So, even setting aside the critical fact on which *Long* turned that is not present here (a public acknowledgement that the litigant was not on the No Fly List), Nur's claim is more like the facial challenge *Long* did not resolve than the as applied challenge that it did.

The Government suggests (at 4) that this case is exactly like *Elhady*. But *Elhady* was a very different situation. *Elhady* came up on post-4th-Circuit-remand amendment to a Complaint, the allegations were at that point dated, and the timing likely did not suggest that removal from the watchlist was related to an attempt to avoid litigation. *See also* Dkt. 29-3 at 4 ("That conclusion is strengthened by the information that the Government has provided publicly as far as the experience of these particular plaintiffs in their post-2017 travel experiences"). Indeed, the Court was careful in that case to not base its decision on the ex parte materials, *id.*, which is the ***only*** evidence of mootness here.

The Government also suggests (at 4) this case is like *Scherfan*. In *Scherfan* the Government submitted documents in camera which, as the Court publicly disclosed, showed that Scherfan was not on the watchlist. 2010 WL 456784 at *8. But there was no suggestion by the parties or the Court that Scherfan might have been taken off the watchlist after *Scherfan* filed suit, and the Court reviewed that aspect of the case under standing rather than mootness doctrine. *Id.* at *8. And even if the Court were to examine the case under mootness, *id.* at *9, the result would be the same, because the only relief Scherfan sought under that aspect of the case was removal from the watchlist. Because Nur seeks broader relief—the elimination of

5

the Government's unconstitutional search policy—that is simply not the case here. Meanwhile, the Court found no mootness because the defendants refused to defend the validity of the alleged policy there—the plaintiff had alleged that the Government had a policy of placing people on the TSDB solely because they were and specifically stated its standing determinations would have come out differently if, like here, the Government was defending the constitutionality of the challenged policy. *Id.* at *9. So *Scherfan,* like *Long*, only counsels against a finding of mootness in this case.

Here, the Government has taken Nur off the watchlist, only in secret, only in response to a motion to dismiss opposition challenging the Government's unconstitutional policy, and has not even disclosed to Nur or counsel that it has voluntarily ceased its unlawful activity, much less provided public, or any assurance, that it will not replace Nur on the watchlist in the future. And it has made no change in policy nor placed any procedural safeguards protecting Nur or others from future unconstitutional activity. This case is not moot.

## CONCLUSION

The Court should deny the Government's second Motion to Dismiss.

Respectfully submitted,

August 29, 2022

CAIR LEGAL DEFENSE FUND

BY: /s/ Lena F. Masri
Lena F. Masri (VA 93291)
lmasri@cair.com
Gadeir I. Abbas (VA 81161)
gabbas@cair.com
Justin M. Sadowsky (VA 73382)
jsadowsky@cair.com
453 New Jersey Ave., S.E.
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833

6